**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | |
| v. : | **CASE NO:** |
| : | **7:25-cr-6—WLS-ALS** |
| **HARVIERRE TARPLEY,** : | |
| : | |
| **Defendant.** : | |
| _____ : | |

## ORDER

    Previously, the Court provided the Parties with notice that this case was scheduled for pretrial conference on Tuesday, June 17, 2025, at 3:00 p.m. and for trial during a specially set trial term beginning Monday, July 7, 2025. (Doc. 22). In the event the case is not ready for trial, the Parties were ordered to file a motion to continue at least two days prior to the date of the noticed pretrial conference. (*Id.*) The Defendant, through counsel, Michael Granims, filed a timely Unopposed Motion to Continue (Doc. 23) ("Motion"). Defendant's first appearance occurred on May 7, 2025. Mr. Granims received discovery on May 8, 2025. Additional time is needed for Mr. Granims to review the discovery with Defendant, prepare a defense, investigate, research and discuss the Government's case in chief with Defendant. Mr. Granims requests this case be continued to the "October" Valdosta Division trial term and states that the ends of justice served by granting of this continuance outweigh the best interests of the public and Defendant in a speedy trial. (*Id.* at 2–3). Counsel states that the period of continuance should be excluded under the Speedy Trial Act 18 U.S.C. § 3161.

    The Court notes that its next regularly scheduled Valdosta trial term would be November 2025, rather than October 2025. Mr. Granims practices regularly before this Court, and therefore, the Court presumes Mr. Granims intended to request a continuance through the November 2025 trial term.

    Accordingly, based on the Defendant's stated reasons the Court finds that a continuance is required for Defense Counsel to effectively prepare for trial. The Court further finds the ends of justice served by granting such a continuance outweigh the best interests of

1

the public and the Defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A)-(B). Therefore, the Motion (Doc. 23) is **GRANTED**.

The Court hereby **ORDERS** that the trial in the above-referenced matter be **CONTINUED** to the Valdosta Division November 2025 term and its conclusion, or as may otherwise be ordered by the Court. In the event either Defense Counsel or Government's Counsel oppose the continuance to the Court's November 2025 Valdosta trial term, they shall immediately file the appropriate motion(s) with the Court.

Furthermore, it is **ORDERED** that the time lost under the Speedy Trial Act, 18 U.S.C. § 3161, through the conclusion of the Court's November 2025 trial term, be **EXCLUDED** pursuant to 18 U.S.C. § 3161(h)(7) because the Court has continued the trial in this case and finds that the failure to grant a continuance (a) would likely result in a miscarriage of justice, and (b) would deny Defendant the continuity of counsel and deny Defense Counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(i), (iv).

The June 17, 2025 pretrial conference is **CANCELLED**.

**SO ORDERED**, this 10th day of June 2025.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**